JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00923 AG (KSx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | PEOPLE OF THE STATE OF CALIFORNIA v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

The People of the State of California, acting through the Orange County District Attorney, brought this civil law enforcement action for alleged violations of California's Unfair Competition Law, *see* Cal. Bus. & Prof. Code § 17200 *et seq.*, in the Superior Court of the State of California for the County of Orange. It's hard to imagine a scenario where the "usual assumption" regarding removal jurisdiction would be more fitting. *See Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 565 (2017). Justice Sotomayor, writing for a unanimous Supreme Court, put it well: "[S]tate courts are up to the task of adjudicating their own laws." *Id.*

Still, the defendants in this case, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH, Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals, Inc., Barr Laboratories, Inc., Duramed Pharmaceuticals, Inc., and Duramed Pharmaceuticals Sales Corp., removed on the asserted basis of "diversity jurisdiction." *See* U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a). The People move to remand, however, arguing that original jurisdiction is lacking because "[a] state is not a citizen" for purposes of diversity. *See Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00923 AG (KSx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | PEOPLE OF THE STATE OF CALIFORNIA v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. ET AL. | | |

The Court GRANTS the motion to remand, and DENIES the motion to stay proceedings pending a ruling from the Judicial Panel on Multidistrict Litigation. (Dkt. Nos. 19, 45.)

## 1. BRIEF BACKGROUND

The People, through District Attorney Tony Rackauckas, brought this civil enforcement action in Orange County Superior Court to "protect the public safety and welfare . . . in the exercise of . . . [the State's] police power." (Compl., Dkt. No. 1-1 at 2.) The complaint alleges violations of California's Unfair Competition Law, *see* Cal. Bus. & Prof. Code § 17200 *et seq.*, regarding "the purchases of, and reimbursements for, the prescription drug Aggrenox occurring in California, including California Aggrenox users, their insurers, public healthcare providers and other government payors." (*Id.*) According to the complaint, Defendant pharmaceutical companies and manufacturers allegedly schemed to keep generic versions of Aggrenox off the market and, therefore, caused Californians and various government entities to overpay for the drug by millions of dollars. (*Id.* at 2–3, 5.) With this enforcement action, the People sought to enjoin Defendants from engaging in unlawful and unfair business practices, and to recover certain civil penalties and restitution. (*Id.* at 31.) Defendants removed to federal court, on the asserted basis of diversity jurisdiction, anticipating a transfer to ongoing multidistrict litigation regarding Aggrenox in the District of Connecticut. (Notice of Removal, Dkt. No. 1 at 3–4.) Soon after, the People filed a motion to remand the case for lack of subject matter jurisdiction. (Mot. to Remand, Dkt. No. 19.) Defendants, for their part, filed a motion to stay the case pending resolution of a motion to vacate a conditional transfer order by the Judicial Panel on Multidistrict Litigation. (Mot. to Stay, Dkt. No. 45.)

## 2. LEGAL STANDARD

Federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00923 AG (KSx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | PEOPLE OF THE STATE OF CALIFORNIA v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. ET AL. | | |

between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969) ("Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed.") In short, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

## 3. ANALYSIS

With those essential standards in mind, the Court turns to the People's motion to remand for lack of diversity jurisdiction. The parties seem to agree, and the Court assumes for present purposes, that the amount-in-controversy requirement is satisfied here. (*Compare* Mot. to Remand, Dkt. No. 19 at 6 n.2, *with* Opp'n, Dkt. No. 43 at 1.) Rather, the "dispute" concerns complete diversity citizenship—whether the real party in interest is the State of California, or, instead, the County of Orange and other natural persons.

Start with the face of the complaint. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (Kennedy, J.) ("The diversity upon which removal is predicated . . . should generally be determined from the face of the complaint."). As the caption makes plain, this action was nominally brought by "the People of the State of California." (Compl., Dkt. No. 1-1 at 1–2.) And, at risk of stating the obvious, the titles "People of the State of California" and "State of California" are essentially "descriptive of the same sovereignty." *See Tevis v. Randall*, 6 Cal. 632, 635 (1856). Further, Plaintiff represents that "[t]his is a law enforcement action which primarily seeks to protect the public safety and welfare, brought by a governmental unit in the exercise of and to enforce its police power." (*Id.* at 2.) Those details matter. It's well-settled that "a State is not a citizen of itself" and, thus, "neither a state nor a state agency

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00923 AG (KSx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | PEOPLE OF THE STATE OF CALIFORNIA v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. ET AL. | | |

[can] be a party to a diversity action." *See Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (internal quotation marks omitted); *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (collecting cases). From the face of the complaint, then, it appears that this Court lacks subject matter jurisdiction.

Perhaps recognizing as much, Defendants ask the Court to "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *See Miss. ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745 (2014) ("[A] State's presence as a party will destroy complete diversity."). Specifically, Defendants argue that Orange County is the real party in interest and, as a political subdivision, "is a citizen of the State for diversity purposes." *See Moor v. Alameda Cty.*, 411 U.S. 693, 718 (1973) (citing *Cowles v. Mercer Cty.*, 74 U.S. 118, 121 (1868)).

The Court disagrees for several reasons. After examining "the essential nature and effect of the proceeding as it appears from the entire record," *see Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012), the Court concludes that the State of California is indeed the real party in interest.

First, the California legislature has explicitly authorized district attorneys within the State to bring civil enforcement actions on behalf of the People. *See* Cal. Bus. & Prof. Code §§ 17204 ("Actions for relief [under] this chapter shall be prosecuted . . . by . . . a district attorney . . . in the name of the people of the State of California."), 17535 ("Actions for injunction under this section may be prosecuted by . . . any district attorney . . . in this state in the name of the people of the State of California."). Second, both the California Supreme Court and the Ninth Circuit have confirmed that "a civil action brought by a governmental entity under [Cal. Bus. & Prof. Code §] 17200 is 'fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'" *See City & Cty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1125 (9th Cir. 2006) (quoting *People v. Pac. Land Research Co.*, 20 Cal. 3d 10, 17 (1977)). Third, the People have a substantial and specific interest in enforcing the consumer protection laws. As specifically stated in the complaint, the People allege that Defendants unlawfully schemed to deprive the California market—including individual

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00923 AG (KSx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | PEOPLE OF THE STATE OF CALIFORNIA v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. ET AL. | | |

consumers and public entities—of a "less expensive" version of Aggrenox, and thus ensured that various pharmaceutical companies could charge "supracompetetive prices" for the drug from 1999 to 2015. (Compl., Dkt. No. 1-1 at 2–5.) Whatever the ultimate merit of that claim, the California Supreme Court has recognized that "[p]rotection of unwary consumers from being duped by unscrupulous sellers is an exigency of the utmost priority in contemporary society." *See Vasquez v. Superior Court*, 4 Cal. 3d 800, 808 (1971). Fourth, the People seek injunctive relief and civil penalties that are designed to benefit the public as a whole. *See* Cal. Bus. & Prof. Code §§ 17204, 17206(c) (providing that civil penalties "shall be for the exclusive use by the Attorney General, the district attorney, the county counsel, and the city attorney for the enforcement of consumer protection laws"). That the People also seek restitution doesn't diminish the State's sovereign interests: restitution is merely "ancillary to the primary remedies sought for the benefit of the public." *See PG & E Corp.*, 433 F.3d at 1126 (quoting *Pacific Land Research Co.*, 20 Cal. 3d at 17); *see also Nevada*, 672 F.3d at 671. Defendants contrary arguments are unpersuasive and, more importantly, fail to satisfy the burden of establishing subject matter jurisdiction. *See Kokkonen*, 511 U.S. at 377.

Despite all this, Defendants seek to stay proceedings pending a ruling from the Judicial Panel on Multidistrict Litigation regarding its conditional transfer order. Although district courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court isn't convinced that a stay is necessary or appropriate here. As courts have recognized, and the relevant rules make clear, district judges retain "authority to rule" on a motion to remand, even though the case may have been "conditionally transferred" to multidistrict litigation. *See Claytor v. Volkswagen Grp. of Am., Inc.*, 189 F. Supp. 3d 602, 606 (W.D. Va. 2016) (clarifying that); *see also* Rules of Procedure of the Judicial Panel on Multidistrict Litigation 2.1(d) ("The pendency of a . . . conditional transfer order . . . before the Panel . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").

## 4. DISPOSITION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00923 AG (KSx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | PEOPLE OF THE STATE OF CALIFORNIA v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. ET AL. | | |

For these reasons, the Court GRANTS the motion to remand. (Dkt. No. 19.) Further, the Court DENIES the motion to stay proceedings pending a ruling from the Judicial Panel on Multidistrict Litigation regarding a conditional transfer. (Dkt. No. 45.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |